IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JASON W.,[1]　　　　　　　　　　　　　　　　No. 6:20-cv-0495-HZ

　　　　　　Plaintiff,　　　　　　　　　　　　　OPINION & ORDER

　　v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

　　　　　　Defendant.

Sherwood J. Reese
Drew L. Johnson, P.C.
1700 Valley River Drive
Eugene, OR 97401

　　Attorney for Plaintiff

Scott Erik Asphaug
Acting United States Attorney
Renata Gowie
Assistant United States Attorney
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

---

[1] In the interest of privacy, this Opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, the Court uses the same designation for a non-governmental party's immediate family member.

1 – OPINION & ORDER

David J. Burdett
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104

    Attorneys for Defendant

HERNÁNDEZ, District Judge:

Plaintiff Jason W. brings this action seeking judicial review of the Commissioner's final decision to deny disability insurance benefits ("DIB"). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). The Court reverses the Commissioner's decision and remands this case for the immediate calculation and payment of benefits.

## PROCEDURAL BACKGROUND

Plaintiff applied for DIB on August 4, 2014, alleging an amended onset date of December 31, 2013. Tr. 13.[2] Plaintiff's date last insured ("DLI") is December 31, 2013. Tr. 15. His application was denied initially and again on reconsideration. Tr. 13. On February 10, 2017, Plaintiff appeared with counsel for a hearing before an Administrative Law Judge ("ALJ"). *Id.* On April 11, 2017, the ALJ found Plaintiff not disabled. Tr. 13-22. The Appeals Council denied review. Tr. 1-3. In March 2018, Plaintiff appealed the Commissioner's decision, *White v. Commissioner*, Case 6:18-cv-00483-JR. Tr. 598.

On December 20, 2018, Magistrate Judge Jolie A. Russo issued an Opinion & Order finding the ALJ erred in denying Plaintiff's DIB claim. Tr. 579-92; *Jason W. v. Comm'r of Soc. Sec. Admin.*, No. 6:18-CV-00483-JR, 2018 WL 6701273 (D. Or. Dec. 20, 2018). Judge Russo

---

[2] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record, filed herein as Docket No. 10.

remanded the case for further administrative proceedings, ordering that "the ALJ must consult a medical expert to determine the precise onset date of plaintiff's disability." Tr. 591-2.

On November 5, 2019, Plaintiff appeared with counsel for a rehearing. Tr. 515-549. The ALJ took testimony from ophthalmological medical expert, W. Benton Boone, MD. Tr. 518-29, 534-36. Dr. Boone testified that the results of vision testing indicated that Plaintiff had a presumptively disabling visual impairment as of June 2014. Tr. 526. He found sufficient evidence to find that Plaintiff had the severe impairment of "bilateral optic nerve atrophy" prior to the DLI, but he could not render an opinion on the quality of Plaintiff's right eye impairment because there was no visual-field testing prior to the DLI. Tr. 523, 531-32. On December 6, 2019, the ALJ again found Plaintiff not disabled. Tr. 500-507. Plaintiff now appeals that decision.

## FACTUAL BACKGROUND

Plaintiff alleges disability based on blindness, vision problems, and memory problems. Tr. 189. At the time of his alleged onset date, he was 43 years old. Tr. 506. Plaintiff has a high school education and had past relevant work experience as circuit board maker, electronics tester, and wiring electrician/body wirer. Tr. 505-06.

## SEQUENTIAL DISABILITY EVALUATION

A claimant is disabled if they are unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). Disability claims are evaluated according to a five-step procedure. *See Valentine v. Comm'r*, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step

procedure to determine disability). The claimant bears the ultimate burden of proving disability. *Id.*

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(b). In step two, the ALJ determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. § 404.1520(c). If not, the claimant is not disabled.

In step three, the Commissioner determines whether the claimant's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141; 20 C.F.R. § 404.1520(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity ("RFC") to perform their "past relevant work." 20 C.F.R. § 404.1520(e). If the claimant can perform past relevant work, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. *Yuckert*, 482 U.S. at 141-42; 20 C.F.R. § 404.1520(e)-(f). If the Commissioner meets his burden and proves that the claimant can perform other work that exists in the national economy, then the claimant is not disabled. 20 C.F.R. § 404.1566.

## THE ALJ'S DECISION

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since his alleged onset date, December 31, 2013. Tr. 502. Next, at steps two and three,

the ALJ determined that Plaintiff has the following severe impairments: bilateral optic nerve atrophy and total left eye blindness; however, the ALJ determined that Plaintiff's impairments did not meet or medically equal the severity of a listed impairment prior to June 6, 2014. Tr. 502-03. At step four, the ALJ concluded that Plaintiff has the residual functional capacity to perform a full range of work at all exertional levels with the following additional limitations:

> The claimant was unable to carry out tasks requiring vision in two eyes. He was unable to carry out tasks requiring good depth perception (e.g. airline pilot, bus driver, butcher). The claimant was limited to no exposure to unprotected heights and no continuous exposure to being around dangerous machinery; however, he was able to drive, read newsprint, manipulate small objects, and avoid common hazards in the workplace.

Tr. 503. Because of these limitations, the ALJ concluded that Plaintiff could not perform his past relevant work. Tr. 505-06. But at step five, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform, such as janitor, laundry laborer, and dry cleaner helper. Tr. 506-07. Thus, the ALJ concluded that Plaintiff is not disabled. Tr. 507.

## STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings "are based on legal error or are not supported by substantial evidence in the record as a whole." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). The court considers the record as a whole, including both the evidence that supports and detracts from the Commissioner's decision. *Id.*; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Vasquez*, 572 F.3d at 591 (internal quotation marks and brackets omitted); *see also Massachi v.*

*Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's") (internal quotation marks omitted).

### DISCUSSION

Plaintiff argues the ALJ erred by failing to give clear and convincing reasons for rejecting Plaintiff's testimony, and failing to consider the lay-witness testimony of Plaintiff's mother, Patricia W. The Commissioner concedes the ALJ erred and that the only issue for the Court to decide is whether this case should be remanded for further administrative proceedings or the immediate calculation and payment of benefits.

The Ninth Circuit has created a three-part credit-as-true rule for determining whether a case should be remanded for an immediate award of benefits. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). First, the ALJ must "fail[] to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion[.]" *Id.* Second, the record must be "fully developed and further administrative proceedings would serve no useful purpose," *id.*, such that the record is "free from conflicts and ambiguities, and all essential factual issues have been resolved," *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (internal quotation marks omitted). Third, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020 (footnote and citations omitted). However, even where all conditions of the credit-as-true rule are satisfied, the Court should remand to the Commissioner for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled[.]" *Id.* at 1021.

The first prong of the credit-as-true rule is satisfied because the Commissioner concedes the ALJ erred in rejecting Plaintiff's testimony and Patricia W.'s lay-witness statement.

Concerning the second prong, the Commissioner argues this case must be remanded for further proceedings so the ALJ can resolve the evidentiary gap created by the lack of pre-DLI vision testing.[3] As Judge Russo already found, the record contains a gap in evidence because Plaintiff could not afford follow-up medical treatment before the DLI. Tr. 582. Judge Russo remanded the case for further proceedings so the ALJ could call upon a medical expert to assist in determining Plaintiff's disability onset date. Tr. 590-92. At the second hearing, Dr. Boone testified that he could not infer an onset date without contemporaneous objective medical evidence, i.e., vision testing. Tr. 533. Contrary to the Commissioner's argument, however, Dr. Boone's refusal to consider an onset date in violation of Judge Russo's order does not require further proceedings. "[P]recedent and the objectives of the credit-as-true rule foreclose the argument that a remand for the purpose of allowing the ALJ to have a mulligan qualifies as a remand for a 'useful purpose[.]'" *Garrison*, 759 F.3d at 1021 (citations omitted).

Under the applicable regulations, an ALJ should "consider evidence from other non-medical sources such as the claimant's family[,] if . . . medical evidence . . . does not exist[,] and [the ALJ] cannot reasonably infer the date that the claimant first met the statutory definition of disability based on the medical evidence in the file." Social Security Ruling ("SSR") 18-01p, 2018 WL 4945639, at *6 (Oct. 2, 2018). Patricia W. submitted such evidence in the form of her personal observations of Plaintiff contained in her lay-witness statement, which the Commissioner concedes the ALJ erroneously rejected without comment. Thus, a third administrative hearing to take additional medical expert testimony is unnecessary to resolve the

---

[3] The Commissioner further argues that additional fact-finding regarding statutory blindness is necessary because it could impact the period at issue and post-adjudicatory actions. But Plaintiff does not allege that he was statutorily blind prior to his DLI. Rather, he asserts that the functional limitations caused by his poor vision precluded employment at the time of the DLI. The Commissioner's arguments are therefore inapplicable because statutory blindness is not at issue.

ambiguity surrounding Plaintiff's onset date because Patricia W.'s uncontroverted statement is sufficient to fill the gap in the medical evidence. *See id.* (a claimant's onset date "may predate the claimant's earliest recorded medical examination or the date of the claimant's earliest medical records); Tr. 589 (Judge Russo noting "the lack of medical evidence concerning onset is precisely why Patricia W.'s testimony is so important in the present case"). Accordingly, the second prong of the credit-as-true analysis is satisfied.

Finally, the third prong is satisfied because crediting the improperly rejected evidence as true directs a finding of disability. Patricia W. detailed that by March 2013, Plaintiff began having increased problems with his eyesight, including the need to have his face five to six inches from his computer screen and sitting very close to a 52-inch TV to see it. Tr. 274. By July 2013, she "noticed [Plaintiff] putting his arms out against the walls of the house (hallway) to protect himself from falling or running into the walls." *Id.* Although Plaintiff had "a hard time remembering" when "things got so bad that [he] couldn't read," he testified that it was "probably" six months and possibly a year before he underwent brain surgery in May 2014. Tr. 45-47. Plaintiff stated that "back then" he could no longer cook for himself, he had to "just feel [his] way down the hall" to safely navigate the house he grew up in, and he was unable to go places without his parents' help. Tr. 49-50. At the second hearing, the Vocational Expert ("VE") testified that an "inability to avoid common hazards in the workplace" would preclude all employment. Tr. 545. Taken together, Plaintiff's testimony, Patricia W.'s lay statement, and the VE's testimony show that Plaintiff is unable to "engage in any substantial gainful activity" and is therefore disabled within the meaning of the Social Security Act. 42 U.S.C. § 423(d)(1)(A).

## CONCLUSION

The Commissioner's decision is REVERSED and REMANDED for the immediate calculation and payment of benefits.

IT IS SO ORDERED.

DATED: _June 28, 2021_ .

                                                MARCO A. HERNÁNDEZ
                                                United States District Judge